```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
H&H ACQUISITION CORPORATION,              :
                                          :
                     Plaintiffs,          :
                                          :    98 Civ. 5269 (BSJ)
                                          :
             v.                           :
                                          :
                                          :       Order
FINANCIAL INTRANET HOLDINGS, et al.       :
                                          :
                                          :
                     Defendants.          :
------------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The above captioned case was filed on July 23, 1998. Ben Stein, pro se, is the only defendant remaining in this case. The Court scheduled a trial of the claims against Stein for May 17, 2010. The parties appeared before this Court on May 17, 2010 when it was determined Plaintiff may not have standing to prosecute its claims. Trial was adjourned in order to allow Plaintiff to brief the issue of whether it had standing to pursue its claims.[1] Plaintiff was directed to submit briefing on

---

[1] Although the issue of standing had never been raised or briefed by any of the Defendants in this action previously, in the joint pretrial order there was an issue raised as to whether or not H&H had standing to appear in this Court. There is no dispute that H&H has twice forfeited its charter. May 17, 2010 Tr. at 2. The charter was first forfeited in October of 2005. Id. at 3. Articles of Revival were later filed. Id. Again on October 2, 2008 H&H's charter was forfeited for failure to file a proper return in 2007. Id. The charter was allegedly revived in May of 2010. Id. at 2. The Court determined that the case could not proceed until the issue of whether under Maryland law, the state law that governed this action, a corporation has standing to sue once it has forfeited its charter and later revives it. Id. at 2-3. The Court noted that the case Hill Construction v. Sunrise Beach

the issue on or before June 25, 2010. On June 25, 2010 Plaintiff requested a one week extension to file a brief on the standing issue which was granted. On July 8, 2010 Plaintiff[2] requested a second extension to file a brief on the standing issue which was granted. Plaintiff never filed a brief on the standing issue. Further, Plaintiff has not had any communication with the Court since that date. This lack of diligence is part of an extensive pattern noted by the Court in at least three separate Orders (doc. 144[3], 173[4], 195[5]).

A plaintiff has an obligation to diligently prosecute his case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). "For failure of the plaintiff to prosecute or to comply with [ ... ] any order of court, a defendant may move

---

LLC, 952 A.2d 357, 360-363 (Md. Ct. Spec. App. 2008) was potentially dispositive of the issue. The Court stated on the record that the "general holding [of that case] is that a Maryland corporation cannot maintain an action initiated when its charter was in good standing [when the litigation was commenced but] is forfeited during the pendency of the litigation." Id. at 4.

[2] Stephen Theodore Mitchell was the third, if not fourth, counsel retained by Plaintiffs in this matter. Stephen Mitchell was disbarred from the Southern District of New York on August 20, 2010. However, this does not excuse Plaintiff's lack of diligence in prosecuting this case.

[3] The Court noted in this May 31, 2006 Order that Plaintiff's failure to meet a Court ordered deadline was "but one more in a long string of examples of Plaintiff's lack of diligence in prosecuting this case."

[4] This Order issued on October 30, 2008 again noted Plaintiff's failure to abide by a Court ordered deadline. On October 5, 2008 the Court had granted Plaintiff an extension of time to file a motion but noted no further extensions would be given. Plaintiff subsequently made a second request for an extension of time which the Court denied in this October 30, 2008 Order noting this was another example of Plaintiff's failure to diligently prosecute this case.

[5] This Order issued on December 8, 2009 noted that Plaintiff again missed a court ordered deadline. The Court had ordered the Plaintiff to provide briefing on a particular issue and Plaintiff failed to submit any briefing. The Court noted again that this was yet another example of Plaintiff's failure to diligently prosecute this case.

for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). While the text of the Rule addresses only the case in which a defendant moves for dismissal of an action, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." La Sane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." Link v. Wabash R. Co., 370 U.S. 626, 630-32, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Second Circuit has provided the following five factors for the Court to consider before dismissing an action pursuant to Rule 41(b). These factors are: (1) the duration of the plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced the interests in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal. Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d. Cir. 2000).

3

**ANALYSIS**

As discussed below the balance of these five factors militates dismissal of this action with prejudice pursuant to Rule 41(b).

*1. Duration*

The Court must first consider the duration of Plaintiff's failure to comply with a Court order. This requires consideration of "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) (citation omitted).

Most recently, Plaintiff has failed to communicate with the Court for over a year. Failure to communicate with the Court for over a year is a sufficient duration to weigh strongly in favor of dismissal. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that Rule 41 dismissal may be warranted "after merely a matter of months"); Peters-Turnbull v. Bd. of Educ. of City of New York, No. 96 Civ. 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (finding delay of five to ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"). Accordingly, this factor weighs in favor of dismissal.

*2. Notice*

4

The second element to be considered is whether Plaintiff was on notice that further delay would result in dismissal of the case. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). The Second Circuit has held that when a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. See Shannon v. General Elec. Co., 186 F.3d 186, 194-95 (2d Cir. 1999).

On the first day of trial the Court adjourned the proceeding pending determination of whether Plaintiff maintained standing to pursue its claims. Tr. at 2, 5, 6.[6] Accordingly, Plaintiff was on notice that the Court was considering dismissal of the action. Plaintiff nonetheless failed to provide briefing on the issue or communicate with the Court in over a year. This factor weighs in favor of dismissal.

### 3. Prejudice

The third element the Court must consider is the prejudice further delay would have on defendant. Where the delay is unreasonable, prejudice may be presumed as a matter of law. Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999).

---

[6] The Court noted on the record "it is not at all clear that H&H can go forward with this law suit. . . I have to make the decision once and for all whether or not I think reviving [the corporation's charter] is enough for us to go forward on the case. . . [pending this decision the Court will] either dismiss the case [because H&H has no standing or the action will] or go forward [if the Court finds H&H has standing]." Tr. at 2, 5, 6.

5

This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Id.

Plaintiff has failed to provide briefing on the issue of standing for over a year even after the Court granted two extensions of time. Further, the events giving rise to Plaintiff's cause of action occurred more than thirteen years ago. Plaintiff's current delay combined with Plaintiff's prior delays and the length of this litigation increases the likelihood that witness's recollections have faded or that witness's may no longer be available. Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997). Accordingly, Plaintiff's delay in this case is unreasonable. Pro se Defendant's ability to defend the instant litigation has been compromised by Plaintiff's protracted delay in prosecuting this case. It would be unfair to require Defendant to mount a defense to Plaintiff's accusations under these circumstances. Accordingly, this factor weighs in favor of dismissal.

*4. Balance of Court and Plaintiff Interests*

As to the fourth element the Court must balance the interest of the Court with Plaintiff's right to a fair trial on the merits. Plaintiff's failure to comply with court orders "undermines the ability of a court to manage its docket and

dispense justice to all litigants in an expeditious manner." Jackson v. American Plaza Corp., No. 08 Civ. 8980 (PKC), 2010 WL 1737769, at *2 (S.D.N.Y. Apr. 22, 2010). Further, "where a plaintiff could have avoided dismissal there can be no claim by plaintiff that [its] due process rights have been denied." Jacobs v. County of Westchester, No. 99 Civ. 4976 (WCC), 2008 WL 199469, at *6 (S.D.N.Y. Jan. 22, 2008) (quotations and citations omitted). In this case, Plaintiff could have avoided this outcome if Plaintiff had provided the briefing on standing as ordered by the Court. However, Plaintiff failed to file briefing on the issue as ordered or to communicate with the Court. Accordingly, this factor weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

Finally, the Court must consider the adequacy of imposing sanctions other than dismissal. The Court has considered the efficacy of sanctions less than dismissal and concludes that they are inadequate in this case. Plaintiff had ample opportunity to pursue its claim and it failed to do so. Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 178 (2d Cir. 2008). Dismissal of this action is the appropriate sanction in this case.

Weighing these five factors, the Court finds that dismissal is appropriate. In particular, the Court notes the long delay in this case and the inefficacy of lesser sanctions.

## CONCLUSION

For the foregoing reasons this action is dismissed with prejudice pursuant to 41(b). The Clerk of the Court is directed to close the case.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


Dated:     New York, New York
           September 7, 2011